UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO SMITH, et al.,

    Plaintiffs,

v.

DETROIT ENTERTAINMENT, LLC, d/b/a MOTORCITY CASINO,

    Defendant.
                                               /

Case No. 12-12967

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT & RECOMMENDATION**
(docket no. 16) **AND GRANTING MOTION TO REMAND** (docket no. 8)

This matter arises from an action for unpaid wages brought by Angelo Smith against his former employer, Detroit Entertainment, LLC, d/b/a MotorCity Casino ("MotorCity") pursuant to Michigan's Wages and Fringe Benefits Act, Mich. Comp. Laws §§ 408.471-490. Smith filed his claim with a state administrative agency, as provided under the state law. MotorCity removed the action to this Court while a hearing on its appeal in the state administrative agency was still pending. At issue in the present motion is whether the removal statute, 28 U.S.C. § 1441, permits MotorCity to remove a case to federal court from a state administrative agency. In a Report and Recommendation ("Report") issued on October 31, 2012, the magistrate judge found that it does not and recommended the Court remand the case. MotorCity objects. For the reasons set forth below, the Court will overrule MotorCity's objections, adopt the magistrate judge's Report, and remand the case.

**BACKGROUND**

Smith is a former MotorCity security guard. He claims that MotorCity violated Michigan's Wages and Fringe Benefits Act ("WFBA") by failing to pay him wages owed under the collective bargaining agreement ("CBA") between MotorCity and Smith's union.

The WFBA includes a procedure for filing complaints. *See* Mich. Comp. Laws § 408.481. An employee bringing a claim must first file a written complaint with the department of labor. *Id.* The department will then notify the employer, investigate the claim, and attempt to facilitate informal resolution of the dispute. *Id.* If the dispute cannot be resolved informally, the department will issue a determination on the merits of the complaint. *Id.* The employer or employee may request review of the determination within fourteen days; if neither party does so, the determination is final. *Id.* If a party seeks review, a hearing is conducted. *Id.* The hearing officer will either affirm, modify, or rescind the department's determination. *Id.* The determination of the hearing officer is the final order of the agency. *Id.* Either party may then seek judicial review of the hearing officer's determination. *Id.* Such review is conducted by the court without a jury and is confined to the administrative record. Mich. Comp. Laws § 24.304.

Smith filed his complaint with the Michigan Wage and Hour Division ("WHD"), a state agency housed within Michigan's Department of Licensing and Regulatory Affairs. As provided in the statute, the WHD notified MotorCity and attempted to informally resolve the matter. It was unable to do so, and on June 6, 2012, it issued a determination order finding that MotorCity owes Smith $700.50 in unpaid wages. *See* Determination Order, ECF No. 1-3 at 2. MotorCity filed a request for review of the determination order with the Michigan Administrative Hearing System ("MAHS"). The matter was assigned to an administrative law judge, and a hearing was scheduled for July 23, 2012. On July 6, 2012, rather than complete the appeal process with the MAHS, MotorCity removed the action to this Court.

On August 6, 2012, the WHD, prosecuting the claim on Smith's behalf, filed the instant motion to remand. ECF No. 8. The WHD argues that remand is warranted because (1) MotorCity filed its Notice of Removal more than thirty days after it received notice that

Smith filed his wage claim with the WHD; (2) the wage claim does not present a federal question; (3) the MAHS is not a "state court" from which removal is ordinarily permitted; and (4) MotorCity failed to exhaust the administrative remedies available under Michigan law. *See* Mot. to Remand 2.

The magistrate judge found that a federal question justifying this court's jurisdiction likely exists because state-law claims that require the interpretation of a collective bargaining agreement are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a). *See* Report 6 ("The preemptive force of the [LMRA] likely gives this Court original jurisdiction over Smith's [claim]."). The magistrate judge also found that even if a federal question exists, however, § 1441 does not permit the removal of Smith's action because the MAHS is not a "state court."

## LEGAL STANDARD

A copy of the Report was served upon the parties on October 31, 2012. Pursuant to Civil Rule 72(b)(2), each party had fourteen days from that date in which to file any specific written objections to the recommended disposition. A party's specific written objections are entitled to de novo review by this Court. Fed. R. Civ. P. 72(b)(3). On November 14, 2012, MotorCity timely filed an objection, which this Order reviews de novo. *See* Objection, ECF No. 17.

## DISCUSSION

Section 28 U.S.C. §1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). The magistrate judge determined that remand is warranted here because the MAHS is not a "state court" from which removal is permitted by the statute. MotorCity objects to that determination and argues that the MAHS may be

3

treated as a state court for the purpose of removal. The issue is a matter of first impression in the Sixth Circuit. A split exists among other circuits.

Specifically, MotorCity contends that this Court should follow the approach taken by the First and Seventh Circuits. *See Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd.*, 454 F.2d 38 (1st Cir. 1972); *Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100 (7th Cir. 1979).[1] In *Floeter*, for example, a group of employees filed an action to enforce a collective bargaining agreement with the Wisconsin Employment Relations Commission ("WERC"), a state agency. In determining whether removal was proper, the Seventh Circuit held that removal from a state agency — rather than a "State court," as provided in § 1441 — may be authorized under § 1441 if the state agency "functions" like a state court. *Floeter*'s "functional test" has two inquiries: The court must "evaluate [1] the functions, powers, and procedures of the state tribunal and . . . [2] the respective state and federal interests in the subject matter and in the provision of a forum." *Floeter*, 597 F.2d at 1101–02. A federal court should assume jurisdiction only if the agency functions as a court and federal interests predominate over state interests. Applying this test, the *Floeter* court held that the proceedings before the WERC in the case at issue were "essentially judicial" and that the state's interest in providing a convenient and expeditious forum to resolve

---

[1] MotorCity contends that the Fourth Circuit adopted the First and Seventh Circuit's approach in *Kolibas v. Committee on Legal Ethics of West Virginia Bar*, 872 F.2d 571 (4th Cir. 1989). But that case addressed the removal of suits against federal officers under 28 U.S.C. § 1442, not removal under § 1441. Construction of the two statutes is not parallel. *See Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1262 (3d Cir. 1994) ("The force of *Kolibash* on [this issue] is diminished, however, because removal in Kolibash was based on 28 U.S.C. § 1442(a), the federal officer removal statute, which is broadly construed, as distinguished from section 1441, the removal statute here, which is strictly construed.").

labor disputes did "not outweigh the defendant's right to remove the action to federal court." *Id.* The court approved removal.

In contrast, the Ninth and Tenth Circuits take a "literal approach" to the removal statute. *See Porter Trust v. Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1*, 607 F.3d 1251 (10th Cir. 2010) (noting that "[m]ore recent authority has rejected or severely limited the "functional" test in favor of a standard application of the canons of statutory construction"); *Oregon Bureau of Labor and Indus. ex rel. Richardson v. U.S. West Comm. Inc.*, 288 F.3d 414, 419 (9th Cir. 2002). In *Richardson*, the plaintiff filed an employment discrimination claim with the Oregon Bureau of Labor and Industries, and his employer removed the action to federal district court.[2] The Ninth Circuit considered the approach taken in *Floeter*, but rejected it in favor of adherence to § 1441's plain language. *See Richardson*, 288 F.3d at 417 ("The plain language of 28 U.S.C. § 1441(a) limits removal to cases pending before a 'state court.'"). In rejecting *Floeter*, the *Richardson* court observed that the functional test "goes beyond the language of the statute, because [it] is a judicially developed analysis that neither appears on, nor is necessarily implied by, the statutory language." *Id.* at 419. Moreover, the court noted, "the functional test changes the meaning and reach of [§ 1441 by] effectively replac[ing] the statutory term 'state court' with the phrase 'any tribunal that acts as a court' . . . . Because agencies often conduct court-like adjudications, the result is to dramatically expand federal removal jurisdiction to encompass many administrative agency proceedings. *Id.* at 419.

The Court finds, as did the magistrate judge, that a literal construction of the statute is the better approach. The issue is one of statutory interpretation. "The starting point in

---

[2] As in *Floeter*, the employee's claim was preempted by Section 301 of the LMRA.

5

interpreting a statute is its language." *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993). When a "statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.' " *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). As the Ninth Circuit observed, the language of § 1441 is plain. *See Richardson*, 288 F.3d at 417 ("[T]he plain language of 28 U.S.C. § 1441(a) authorizes removal only if the case is brought in a 'court.'"). MotorCity does not contend that the MAHS is a "court." Rather, it contends that the Court should construe § 1441 to permit removal where its text does not. But that is not the function of this Court. Moreover, with respect to § 1441 specifically, the Supreme Court has directed that it is to be narrowly construed. *See Healy v. Ratta*, 292 U.S. 263, 270 (1934); *Polkow v. CSX Transp.*, 431 F.3d 543, 555 (6th Cir. 2005). The functional test is inconsistent with that directive; it permits a *broad* construction of the statute, bringing within its scope the removal of actions not contemplated in the text.

The Court notes that the flexibility of the functional test facilitates avoidance of one potential consequence of adherence to § 1441's text: if actions like Smith's cannot be removed from agency proceedings, a plaintiff bringing a state-law claim that is preempted by the LMRA can prevent removal of the LMRA claim, at least until after the completion of the administrative proceedings, simply by filing his claim in the state administrative system.[3] That outcome runs contrary to a defendant's right of removal, usually applicable to claims

---

[3] Presumably, if a party appeals the state agency determination regarding an LMRA claim to state court, the defendant can remove that appeal to federal court. It is unclear whether, in that event, the federal district court's review would be confined to the more narrow scope of review that may be applicable to the state-law claim. If not, and the district court could find facts de novo, then the state administrative proceedings would be essentially superfluous. If the district court could not decide the claim de novo, then its review of the § 301 claim would be hampered by procedures applicable to the preempted state-law claim. For instance, here, there is no clear reason why the scope of a federal court's review of Smith's claim should be set by the WFBA, if Smith's WFBA claim is preempted by § 301 of the LMRA. Again, the Court finds this ambiguity is best resolved by a clear directive from Congress.

preempted by § 301 of the LMRA . *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968) (noting that claims preempted by § 301 arise under federal law and are therefore removable). But the issue is best remedied by Congress, rather than by an expansive interpretation of the removal statute. Indeed, as the magistrate judge noted, § 1441 itself contemplates that solution. *See* Report at 12 (noting that 1441(a) begins: *"Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ."); *see also* Erica B. Haggard, *Removal to Federal Courts from State Administrative Agencies: Reevaluating the Functional Test*, 66 Wash. & Lee L. Rev. 1831, 1878 (2009) (suggesting that Congress amend the LMRA to "provide an explicit removal clause for actions filed in state agencies that are adjudged to be preempted by Section 301(a)").

## CONCLUSION

For the foregoing reasons, the Court finds that remand is appropriate. The Court will adopt the Report and grant the motion to remand.

Smith's action is consolidated with the virtually identical case, *Andre Havard and State of Michigan, Department of Licensing and Regulatory Affairs, Wage and Hour Division v. Detroit Entertainment, L.L.C., d/b/a MotorCity Casino*, No. 12-cv-13427. A motion to remand presenting the same legal issues raised here was filed in that case. *See* Case No. 12-cv-13427, ECF No. 10. The Court referred both motions to remand to the magistrate judge. The Report's recommendation applies to both. Accordingly this Order grants remand in Havard's case, as well as Smith's.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the Report and Recommendation (docket no. 16) is **ADOPTED.**

**IT IS FURTHER ORDERED** that the Motion to Remand (docket no. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that these consolidated actions, numbered 12-cv-12967 and 12-cv-13427 are **REMANDED** to the Michigan Administrative Hearing System.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 9, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager